UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEHART ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1351** |
| **INTEGON NATIONAL INSURANCE COMPANY** | **SECTION "L" (2)** |

### ORDER AND REASONS

Pending before the Court is a Motion to Dismiss for Failure to State a Claim by Defendant Integon National Insurance Company ("Integon"). R. Doc. 9. Plaintiffs Tonya Dehart and Wyatt Dehart ("Plaintiffs" or "the Deharts") have filed a memorandum in opposition, R. Doc. 10, and Defendant filed a response. R. Doc. 13. Having considered the briefing and the applicable law, the Court rules as follows.

I. BACKGROUND

This case arises from alleged damage to Plaintiffs Tonya Dehart and Wayne Dehart's residence ("the Property") caused by Hurricane Ida. R. Doc. 1 at 2. The Property was insured by Integon. *Id.* at 2. Plaintiffs assert that the insurance policy required Defendant to pay Plaintiffs the replacement value of all damage caused to the Property by Hurricane Ida. *Id.* at 3. Plaintiffs allege that Hurricane Ida caused significant damage to the Property, and that Defendant was given a timely notification of the damage. *Id.* at 5. Plaintiffs claim that they hired independent professionals to determine that the value of their loss was $277,919.14, and that nearly every part of the Property sustained damage and needed repair due to high winds sustained by Hurricane Ida. *Id.* Plaintiffs allege that they submitted this value to Defendant, but were only paid $117,060.04. *Id.* Plaintiffs further allege that the insurance contract required Defendant to pay Plaintiffs for additional living expenses, but that Defendant failed to do so. *Id.* Plaintiffs claim

1

that Defendant's failure to pay the replacement value of their damages violates Louisiana laws La. R.S. 22:1892 and La. R.S. 22:1973. *Id.* at 6.

Plaintiffs filed suit against Defendants for breach of contract on April 24, 2023. *Id.* at 1. Plaintiffs claim that they are entitled to damages including (1) past, present, and future damages, (2) cost of all repairs and/or replacement of damages to property, (3) cost of diminution of the value of the property, and (4) attorney's fees. *Id.* at 7-8.

Defendant filed a motion to dismiss on June 26, 2023. R. Doc. 9-1.

II.   **PRESENT MOTION**

Defendant moves to dismiss Plaintiffs' claims with prejudice. R. Doc. 9-1. It argues that Plaintiffs fail to state a cause of action for insurance coverage because they are not named or additional insureds and are not third-party beneficiaries under the insurance policy. *Id.* at 10. Rather, Defendant argues, the named insured under policy 4800-0100 is Bank of America, N.A. ("BOA"), which BOA purchased to protects its collateral "[d]ue to plaintiffs' failure to provide proof that they had provided insurance coverage for their residence[.]" *Id.* at 4. Defendant contends the Plaintiffs do not have standing to bring a claim against Integon, because they are not a named insured, additional named insured, or an intended third-party beneficiary of the insurance contract. *Id.* at 11. The face of the contract shows that Plaintiffs are not a named insured or additional named insured, Defendant argues, and there is no "benefit to the borrower" stated in the policy sufficient to make Plaintiffs third-party beneficiaries. *Id.* at 12. Defendant further argues that, because Plaintiffs fail to state a cause of action under the contract, they also fail to state a claim for bad faith under La. R.S. 22: 1892 or 22:1973. *Id.* at 15-16. Defendant requests that, if the Court does not dismiss Plaintiffs' claims under the policy, it dismiss

Plaintiffs' claim for additional living expenses. *Id.* at 16. Integon argues that the text of the insurance contract expressly excludes additional living expenses. *Id.* at 17.

In opposition, Plaintiffs argue that they were the named insured or third-party beneficiaries because Defendant "refers to Mr. Dehart as the insured in multiple documents" and because Defendant communicated with the Plaintiffs about the processing of the claim. R. Doc. 10 at 3. Further, Plaintiffs argue that Defendant waived its right to deny coverage because it "calls and treats Mr. Dehart as the insured" and because it paid some of the property damage. *Id.* at 4. Further, Plaintiffs argued, these same representations by Defendant should result in equitable estoppel, because Plaintiffs "justifiably relied on those representations" and managing the repairs through their mortgage company will cause undue complication and delay. *Id.* at 5. Finally, Plaintiffs argue, the motion to dismiss is premature, because only evidence outside the pleadings will help determine if the Deharts were named insured or third-party beneficiaries.

### III.   APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v.*

*Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions*." Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

## IV.  DISCUSSION

A plaintiff has standing to enforce an insurance policy if he can demonstrate that he is (1) a named insured; (2) an additional named insured; or (3) an intended third-party beneficiary of the policy. *Graphia v. Balboa Ins. Co.*, 517 F. Supp. 2d 854, 856 (E.D. La. Sept. 28, 2007) (Vance, J.). The language of the policy determines whether a plaintiff is a named insured, additional insured, or third-party beneficiary. *Id.* Defendant argues that the Deharts lack standing to sue under the policy because they are not the named insured, additional named insured, or a third-party beneficiary. Further, Defendant argues, the Plaintiffs cannot bring their bad faith claims under La. R.S. 22:1973 and 22:1892 because, without a "valid, underlying, substantive claim upon which insurance coverage is based," there can be no bad faith claim. *Id.* at 15.

While Plaintiffs assert in their response that they are "named" in some correspondence related to the policy, R. Doc. 10 at 3, the agreement between Integon and BOA clearly lists BOA as the "NAMED INSURED" and the Deharts only as "BORROWERS," R. Doc. 9-3 at 10. It is apparent on the face of the insurance contract that they are not the named insured or an additional named insured. As a result, this Court turns to the question of whether they are third-party beneficiaries of the insurance contract.

Under Louisiana law, a contract for the benefit of a third party is a *stipulation pour autrui*. *Harrison v. Safeco Ins. Co.*, No. 06-4664, 2007 U.S. Dist. LEXIS 34504, at *5 (E.D. La. Jan. 26, 2007). A *stipulation pour autrui* is "never presumed." *Thomas v. Proctor Fin. Ins. Co.*,

No. 2:22-CV-05952, 2023 U.S. Dist. LEXIS 2217, at *6 (W.D. La. Jan. 5, 2023) (citing *Smith v. State Farm Ins. Co.*, 869 So.2d 909, 912-13 (La. App. 4 Cir. 3/3/04)). The party claiming to be a third-party beneficiary must show that such a stipulation exists. *Id.* (citing *Sinegal v. Am. Sec. Ins. Co.*, 2021 U.S. Dist. LEXIS 140267, 2021 WL 3183287, *2 (W.D. La. July 27, 2021). There are three criteria for a valid stipulation *pour autrui*: "(1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee." *Lee v. Safeco Ins. Co. of Am.*, No. 08-1100, 2008 U.S. Dist. LEXIS 69817, at *10 (E.D. La. July 2, 2008) (citing *Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 939 So.2d 1206, 1212 (La. 2006)).

    Defendant argues that Plaintiffs are not third-party beneficiaries of the policy because it "bestows no direct benefit on plaintiff; it was purchased by the lender to protect the lender's collateral only, and any benefit to the borrower would be purely incidental." R. Doc. 9-1 at 15.

    The Fifth Circuit and this Court have, on numerous occasions, had the chance to consider whether homeowners whose properties were insured by lender-placed policies have the standing to sue as third-party beneficiaries to those contracts. In every case, the inquiry has centered on whether the loss claimed by the borrower exceeded the lender's insurable interest (the mortgage balance) and whether the language of the policy allowed the borrower to claim any amount exceeding that interest. In *Williams v. Certain Underwriters at Lloyd's of London*, the Fifth Circuit held that a homeowner was not a third-party beneficiary of a lender-placed policy where all policy benefits were payable to the lender, not to the borrower. 398 F. App'x 44 (5th Cir. 2010) (per curiam). In this Court, Judge Africk held that a homeowner who could potentially recover amounts in excess of the lender's insurable interest was a third-party beneficiary. *Lee v.*

*Safeco Ins. Co. of Am.*, No. 08-1100, 2008 U.S. Dist. LEXIS 69817, 2008 WL 2622997 (E.D. La. July 2, 2008) (Africk, J.) But plaintiffs who are suing under a policy with similar language—but who do not claim losses more than the balance of their mortgage with the primary insured—cannot recover as third-party beneficiaries. *D'Juve v. Am. Mod. Home Ins. Co.*, No. 14-2386, 2015 U.S. Dist. LEXIS 48818, at *2 (E.D. La. Apr. 14, 2015) (Lemmon, J.). District judges have also dismissed complaints, giving plaintiffs the right to amend, when they have pleaded "no information regarding the amount of insurance claim against [the insurer] or plaintiffs' mortgage balance." *Brown v. Am. Modern Home Ins. Co.*, No. 16-16289, 2017 U.S. Dist. LEXIS 80057, at *15 (E.D. La. May 24, 2017) (Lemmon, J.).

  The policy language at issue here is exactly the same as that considered recently by this Court in *Tardo v. Integon Nat'l Ins. Co.*, No. 23-296, 2023 U.S. Dist. LEXIS 57834, at *8 (E.D. La. Apr. 3, 2023). In that case and in this one, the contract between the insurer and the mortgage holder provides that, "[i]f the amount of LOSS exceeds the UNPAID PRINCIPAL BALANCE, the BORROWER may be entitled . . . to receive payment for any residual amount due for the LOSS." R. Doc. 9-3 at 20. As the Court held in *Tardo*, "this policy provision constitutes a clear intent to benefit the borrower . . . in the event that the loss amount exceeds the mortgage balance." *Id.*

  In their complaint the Deharts, like the plaintiff in that case, failed to allege that their losses exceed the insured's interest (e.g., the unpaid principal balance of their mortgage), and therefore they have not stated a claim that they are third-party beneficiaries. And, since that claim fails, so do the La. R.S. 22:1973 and 22:1892 claims, which must be based on "a valid, underlying, substantive claim" for breach of the insurance contract. *Brown*, 2017 U.S. Dist. LEXIS 80057, at *16 n.2 (citing *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 526 (5th Cir. 2010)).

However, this Court recognizes that it may be possible for Plaintiffs to state a valid claim as third-party beneficiaries if their loss exceeds the balance of their mortgage, and it provides them leave to do so.

This Court also notes that, pursuant to La. R.S. 22:868(B), the prescriptive period for the vast majority of Hurricane Ida-related insurance lawsuits ends on August 29, 2023—little more than a month after Court issues this opinion. If the named insured, Bank of America, N.A., plans to proceed on a claim against Defendant for the allegedly unpaid losses to the Property, it must do so expeditiously.

**IT IS HEREBY ORDERED** that Plaintiffs are given 10 days in which to amend their complaint, if applicable, to state a claim as third-party beneficiaries. If they are unable to do so, this action will be **DISMISSED** and any claims under the policy must be pursued by the named insured, Bank of America, N.A.

New Orleans, Louisiana, this 28th day of July, 2023.

                                                        UNITED STATES DISTRICT JUDGE